## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

**PNC BANK, NATIONAL ASSOCIATION,**

     **Plaintiff,**

**v.**

**PINE VALLEY PROPERTIES, PTR, a Florida partnership; FRANKLIN E. LASLEY, FRANCES M. LASLEY;  UNITED STATES OF AMERICA, DEPARTMENT OF TREASURY – INTERNAL REVENUE SERVICE; UNKNOWN TENANTS in possession of Lot 6; and UNKNOWN TENANTS in possession of Lot 7**

     **CASE NO:**

     **Defendants.**

_____/

## VERIFIED COMPLAINT

PNC BANK, NATIONAL ASSOCIATION ("PNC" or "Plaintiff"), sues defendants PINE VALLEY PROPERTIES, PTR, a Florida partnership ("Pine Valley"); FRANKLIN E. LASLEY ("Franklin Lasley"); FRANCES M. LASLEY ("Frances Lasley"); UNITED STATES OF AMERICA, DEPARTMENT OF TREASURY – INTERNAL REVENUE SERVICE (the "IRS"); UNKNOWN TENANTS in possession of Lot 6 ("Unknown Tenants (Lot 6)"); and UNKNOWN TENANTS in possession of Lot 7 ("Unknown Tenants (Lot 7)," and together with Pine Valley, Franklin Lasley, Frances Lasley, the IRS, and Unknown Tenants (Lot 6), the "Defendants"), and alleges:

## PARTIES, JURISDICTION AND VENUE

1.      PNC Bank, National Association, is chartered as a national bank having its headquarters in Wilmington, Delaware and for purposes of diversity jurisdiction is designated as a citizen of Delaware.

2.      Defendants Franklin Lasley and Frances Lasley, are and were at all times mentioned herein, domiciled in and citizens of the State of Florida and partners engaged in business under the partnership name of Pine Valley Properties, Ptr., having its principal place of business at 15110 Pine Valley Boulevard, Clermont, Florida 34711.

3.      Defendant Franklin Lasley is, and was at all times mentioned, domiciled in and a citizen of the State of Florida.

4.      Defendant Frances Lasley is, and was at all times mentioned, domiciled in and a citizen of the State of Florida.

5.      Defendant, the IRS, is a U.S. government agency and is subject to the jurisdiction of this Court.

6.      Unknown Tenants (Lot 6), if any, are citizens of the State of Florida.

7.      Unknown Tenants (Lot 7), if any, are citizens of the State of Florida.

8.      This Court has jurisdiction of this matter because the amount in controversy is greater than $75,000, exclusive of fees and costs and complete diversity exists between PNC on the one hand and the Defendants on the other, pursuant to 28 U.S.C. § 1332(a).

9.      Venue is proper pursuant to 28 U.S.C. § 1391(b).

10.      All conditions precedent to this action have been met, waived or have otherwise been satisfied.

## GENERAL ALLEGATIONS

### *Pine Valley Loan*

11.      Public Bank extended a loan to Pine Valley (the "Pine Valley Loan"), and as evidence thereof, Pine Valley executed and delivered to Public Bank a Universal Note dated July 3, 2006 in the original principal amount of $1,200,000.00, which was renewed by that Universal

269420 v3

2

Note dated July 16, 2007 in the original principal amount of $1,200,000.00 executed by Pine Valley and delivered to Florida Choice Bank, which was renewed by that Universal Note dated July 18, 2007 in the original principal amount of $1,199,666.16 executed by Pine Valley and delivered to Florida Choice Bank (collectively, the "Pine Valley Note").  A copy of the Pine Valley Note is attached hereto and incorporated herein as **Exhibit A**.

12.     To secure payment of the Pine Valley Note, Franklin Lasley and Frances Lasley executed and delivered to Public Bank a Real Estate Mortgage dated July 3, 2006, which was recorded in Official Records Book 3208, Page 925, *et seq.*, in the Public Records of Lake County, Florida (the "Pine Valley Mortgage"). A copy of the Pine Valley Mortgage is attached hereto and incorporated herein as **Exhibit B**.

13.     The Pine Valley Loan was guaranteed by Franklin Lasley and Frances Lasley pursuant to that Guaranty dated July 3, 2006 (the "Pine Valley Guaranty," and together with the Pine Valley Note and the Pine Valley Mortgage, and all other documents and agreements executed in connection with the Pine Valley Loan, the "Pine Valley Loan  Documents").  A true and correct copy of the Pine Valley Guaranty is attached hereto as **Exhibit C**.

14.     Pine Valley is in default of the Pine Valley Loan Documents for its failure, among other things, to make payments as required under the Pine Valley Note beginning on August 3, 2010 and for its failure to repay the Pine Valley Loan upon maturity on July 3, 2012.

15.     On December 2, 2011, PNC's predecessor sent a letter to Pine Valley notifying it of the payment default and demanding it to make full repayment of the Pine Valley Loan (the "Pine Valley Loan Demand Letter").  A true and correct copy of the Pine Valley Loan Demand Letter is attached hereto as **Exhibit D**.

16.     As of July 18, 2013, there is due and owing to PNC on the Pine Valley Note (i)

the principal amount of $1,146,254.61; plus (ii) interest through July 18, 2013 in the amount of $274,186.11 at the interest rate provided in the Pine Valley Note; plus (iii) late fees in an amount of $73,094.38; plus (iv) real estate taxes which were paid by PNC or its predecessors in the amount of $13,664.30, **for a total amount due and owing of $1,5067,199.70** , together with any additional unpaid principal and/or advances, interest (which shall accrue at the rate of $246.77 per diem), late charges, costs, attorneys' fees, and all other reimbursable amounts allowable under the Pine Valley Loan Documents (together, the "Pine Valley Loan Indebtedness").

17.    Due to the aforesaid defaults by Pine Valley under the Pine Valley Loan Documents, it was necessary for Plaintiff to employ the undersigned attorneys and instruct the filing of this action for which Plaintiff will incur costs and expenses, including abstract expenses, attorneys' fees, court costs, payment of taxes, etc., which costs and expenses are to be paid by Pine Valley, Franklin Lasley and Frances Lasley to Plaintiff under the terms and conditions of the Pine Valley Loan Documents.

### *Lasley Loan*

18.    Peoples State Bank of Groveland extended a loan to Franklin Lasley and Frances Lasley (the "Lasley Loan"), and as evidence thereof, Franklin Lasley and Frances Lasley executed and delivered to Peoples State Bank of Groveland a Universal Note dated November 20, 2001 in the original principal amount of $387,000.00, which was renewed by that Universal Note dated May 18, 2007 in the original principal amount of $350,000.00 executed by Franklin Lasley and Frances Lasley and delivered to Peoples State Bank of Groveland (collectively, the "Lasley Note").  A copy of the Lasley Note is attached hereto and incorporated herein as **<u>Exhibit E</u>**.

19.    To secure payment of the Lasley Note, Franklin Lasley and Frances Lasley

269420 v3

executed and delivered to Peoples State Bank of Groveland a Real Estate Mortgage dated November 20, 2001, which was recorded in Official Records Book 2035, Page 274, *et seq.*, in the Public Records of Lake County, Florida, which was modified by that Mortgage Modification/Future Advance/Consolidation and Extension Agreement, which was recorded in Official Records Book 3436, Page 1283, *et seq.*, in the Public Records of Lake County, Florida (the "Lasley Mortgage," and together with the Lasley Note and all other documents and agreements executed in connection with the Lasley Loan, the "Lasley Loan Documents"). A copy of the Lasley Mortgage is attached hereto and incorporated herein as **Exhibit F**.

20.     Franklin Lasley and Frances Lasley are in default of the Lasley Loan Documents for their failure, among other things, to repay the Lasley Loan upon maturity on November 20, 2011.

21.     On December 2, 2011, PNC's predecessor sent a letter to the Franklin Lasley and Frances Lasley notifying them of the default and demanding them to make full repayment of the Lasley Loan (the "Lasley Loan Demand Letter").  A true and correct copy of the Lasley Loan Demand Letter is attached hereto as **Exhibit G**.

22.     As of July 18, 2013, there is due and owing to PNC on the Lasley Note (i) the principal amount of $325,418.19; plus (ii) interest through July 18, 2013 in the amount of $43,188.23 at the interest rate provided in the Lasley Note; plus (iii) late fees in an amount of $1,920.95; plus (iv) real estate taxes which were paid by PNC or its predecessors in the amount of $13,932.35, **for a total amount due and owing of $384,459.72**, together with any additional unpaid principal and/or advances, interest (which shall accrue at the rate of $67.80 per diem), late charges, costs, attorneys' fees, and all other reimbursable amounts allowable under the Lasley Loan Documents (together, the "Lasley Loan Indebtedness").

23.     Due to the aforesaid defaults by Franklin Lasley and Frances Lasley under the Lasley Loan Documents, it was necessary for Plaintiff to employ the undersigned attorneys and instruct the filing of this action for which Plaintiff will incur costs and expenses, including abstract expenses, attorneys' fees, court costs, payment of taxes, etc., which costs and expenses are to be paid by Franklin Lasley and Frances Lasley to Plaintiff under the terms and conditions of the Lasley Loan Documents.

*Mergers*

24.     On June 4, 2004, Peoples State Bank of Groveland merged with and into Public Bank, as evidenced by the articles of merger attached hereto as **Exhibit H**, and as a result, Public Bank became the owner and holder of the Lasley Loan Documents.

25.     On June 15, 2007, Public Bank merged with and into Florida Choice Bank, as evidenced by the articles of merger attached hereto as **Exhibit I**, and as a result, Florida Choice Bank became the owner and holder of the Pine Valley Loan Documents and the Lasley Loan Documents.

26.     On April 11, 2008, Florida Choice Bank merged with and into RBC Bank (USA), as evidenced by the articles of merger attached hereto as **Exhibit J**, and as a result, RBC Bank (USA) became the owner and holder of the Pine Valley Loan Documents and the Lasley Loan Documents.

27.     On March 2, 2012, RBC Bank (USA) merged with and into PNC, as evidenced by the articles of merger attached hereto as **Exhibit K**, and as a result, PNC became the owner and holder of the Pine Valley Loan Documents and the Lasley Loan Documents.

**COUNT I**
**(REESTABLISHING THE PINE VALLEY NOTE)**

28.     Plaintiff realleges and reavers paragraphs 1 through 17, and 24 through 27 above.

269420 v3

6

29.     The Universal Note dated July 18, 2007 in the original principal amount of $1,199,666.16 executed by Pine Valley and delivered to Florida Choice Bank (the "Lost Note") has been lost or destroyed and is not in the custody or control of Plaintiff.

30.     Plaintiff cannot reasonably obtain possession of the Lost Note because the whereabouts of the Lost Note cannot be determined.

31.     Plaintiff directly acquired ownership of the Lost Note from Florida Choice Bank and RBC Bank (USA) following the mergers described above.

32.     Plaintiff has not endorsed, assigned, hypothecated or otherwise disposed of the Lost Note, nor has the Lost Note been lawfully seized.

33.     The copy of the Lost Note attached hereto is a substantially identical copy of the Lost Note.

WHEREFORE, Plaintiff respectfully requests this Court to reestablish the lost Lost Note so that the copies filed herein will have the effect of the original instrument and to grant such other and additional relief as this Court may deem just and equitable.

## COUNT II
## (PINE VALLEY NOTE)

34.     Plaintiff realleges and reavers paragraphs 1 through 17, and 24 through 27 above.

35.     Pine Valley is in default of the Pine Valley Loan Documents for its failure, among other things, to make payments as required under the Pine Valley Note beginning on August 3, 2010 and for its failure to repay the Pine Valley Loan upon maturity on July 3, 2012.

36.     Although demands have been made upon Pine Valley to pay the amounts due and owing on the Pine Valley Note, Pine Valley has failed to pay such amounts.

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment in favor of Plaintiff and against Pine Valley in an amount equal to the Pine Valley Loan Indebtedness, and to grant such other and additional relief as this Court may deem just and equitable.

**COUNT III**
**(FORECLOSURE OF PINE VALLEY MORTGAGE)**

37.    Plaintiff realleges and reavers paragraphs 1 through 17, and 24 through 27 above.

38.    This is an action to foreclose a mortgage on certain real property situated, lying and being in Lake County, Florida, more particularly described as ("Lot 7"):

> **Lot 7, Pine Valley Industrial Park, according to the map or plat thereof, as recorded in Plat Book 29, Page 70, of the Public Records of Lake County, Florida.**

39.    Franklin Lasley and Frances Lasley are the record title holder to the Lot 7.

40.    Due to the defaults by Pine Valley, Franklin Lasley and Frances Lasley under the Pine Valley Loan Documents, Plaintiff is entitled to foreclose Pine Valley Mortgage upon Lot 7.

41.    The IRS may have or claim some interest in Lot 7 pursuant to Federal Tax Liens recorded in Book 4107, Page 1508, and in Book 4175, Page 2373, Public Records of Lake County, Florida, but any such interest is junior and inferior to that of the Pine Valley Mortgage held by PNC.

42.    Unknown Tenants (Lot 7) may have or claim some interest in Lot 7 pursuant to a written or unwritten lease agreement, but any such interest is junior and inferior to that of the Pine Valley Mortgage held by PNC.

WHEREFORE, Plaintiff demands judgment foreclosing the Pine Valley Mortgage, directing the U.S. Marshal to sell Lot 7 at a foreclosure sale, in accordance with the provisions of 28 U.S.C. §§ 2001 and 2002, and for such other and additional relief as this Court may deem just and equitable.

269420 v3

## COUNT IV
## (PINE VALLEY GUARANTY)

43.     Plaintiff realleges and reavers paragraphs 1 through 17, and 24 through 27 above.

44.     As a result of Pine Valley's defaults under the Pine Valley Loan Documents, Franklin Lasley and Frances Lasley are obligated to pay the amounts due and owing thereunder pursuant to the Pine Valley Guaranty.

45.     To date, Franklin Lasley and Frances Lasley have failed to pay the amounts due and owing pursuant to the Pine Valley Guaranty and continue to fail to do so, causing PNC damages in the amount of the Pine Valley Loan Indebtedness.

WHEREFORE, Plaintiff respectfully requests that this Court enter a final judgment in favor of Plaintiff and against Franklin Lasley and Frances Lasley in an amount equal to the Pine Valley Loan Indebtedness, and to grant such other and additional relief as this Court may deem just and equitable.

## COUNT V
## (LASLEY NOTE)

46.     Plaintiff realleges and reavers paragraphs 1 through 10, and 18 through 27 above.

47.     Franklin Lasley and Frances Lasley are in default of the Lasley Loan Documents for their failure, among other things, to repay the Lasley Loan upon maturity on November 20, 2011.

48.     Although demands have been made upon Franklin Lasley and Frances Lasley to pay the amounts due and owing on the Lasley Note, Franklin Lasley and Frances Lasley have failed to pay such amounts.

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment in favor of Plaintiff and against Franklin Lasley and Frances Lasley in an amount equal to the Lasley Loan

269420 v3

Indebtedness, and to grant such other and additional relief as this Court may deem just and equitable.

## COUNT VI
## (FORECLOSURE OF LASLEY MORTGAGE)

49.     Plaintiff realleges and reavers paragraphs 1 through 10, and 18 through 27 above.

50.     This is an action to foreclose a mortgage on certain real property situated, lying and being in Lake County, Florida, more particularly described as ("Lot 6"):

> **Lot 6, Pine Valley Industrial Park, according to the map or plat thereof, as recorded in Plat Book 29, Page 70, of the Public Records of Lake County, Florida.**

51.     Franklin Lasley and Frances Lasley are the record title holder to the Lot 6.

52.     Due to the defaults by Franklin Lasley and Frances Lasley under the Lasley Loan Documents, Plaintiff is entitled to foreclose Lasley Mortgage upon Lot 6.

53.     The IRS may have or claim some interest in Lot 6 pursuant to Federal Tax Liens recorded in Book 4107, Page 1508, and in Book 4175, Page 2373, Public Records of Lake County, Florida, but any such interest is junior and inferior to that of the Pine Valley Mortgage held by PNC.

54.     Unknown Tenants (Lot 6) may have or claim some interest in Lot 6 pursuant to a written or unwritten lease agreement, but any such interest is junior and inferior to that of the Pine Valley Mortgage held by PNC.

WHEREFORE, Plaintiff demands judgment foreclosing the Pine Valley Mortgage, directing the U.S. Marshal to sell Lot 6 at a foreclosure sale, in accordance with the provisions of 28 U.S.C. §§ 2001 and 2002, and for such other and additional relief as this Court may deem just and equitable.

269420 v3

DATED this 22nd day of July, 2013.

Respectfully submitted,

**Denise D. Dell-Powell, Esquire**
Florida Bar No.: 0890472
Primary Email: ddpowell@burr.com
Secondary Email: dmartini@burr.com
**Christopher S. Linde, Esquire**
Florida Bar No.: 0026396
Primary Email: clinde@burr.com
Secondary Email: nwmosley@burr.com
**BURR & FORMAN LLP**
200 S. Orange Avenue, Suite 800
Orlando, FL 32801
Telephone: 407-540-6600
Facsimile: 407-540-6601

**ATTORNEYS FOR PLAINTIFF**

## VERIFICATION

Before me, the undersigned authority, duly authorized to administer oaths and take acknowledgments, personally appeared Craig Ridinger who, after being first duly sworn, deposes and says that he is a member of the Asset Resolution Team for PNC Bank, National Association, and that in such capacity, he has authority to make this verification on behalf of Plaintiff; that the affiant, has access to and control over the books and records kept and maintained by Plaintiff in regard to the loan documents described in this Verified Complaint; that the affiant has read the foregoing Verified Complaint and states that the facts and matters alleged and contained therein with respect to the loan documents are true and correct; and that the affiant has made this affidavit upon his own personal knowledge of the facts involved and based upon the books and records customarily kept and maintained by Plaintiff in regard to the loan identified in the Verified Complaint.

## CERTIFICATION PURSUANT TO SECTION 702.105(4), *FLORIDA STATUTES*

PNC Bank is in possession of the Lasley Note identified in the Verified Complaint. The Lasley Note is located at 200 S. Orange Avenue, Suite 800, Orlando, Florida 32801, in the offices of Burr & Forman, LLP, which location was personally verified by Christopher S. Linde, attorney for PNC Bank, at 11:00 a.m. on July 18, 2013.

_____
Craig Ridinger

STATE OF FLORIDA          )
                          ) ss:
COUNTY OF ORANGE          )

The foregoing instrument was sworn to and subscribed before me this _18_ day of July 2013, by Craig Ridinger, as a member of the Asset Resolution Team for PNC Bank, National Association, who is personally known to me or has produced _____ as identification.

_____
NOTARY PUBLIC, STATE OF FLORIDA
Janet Girald
(Print, Type or Stamp Commissioned Name of Notary Public)

Notary Public State of Florida
Janet Girald
My Commission EE 860474
Expires 02/06/2017

269420 v3

12