UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

PNC BANK, NATIONAL
ASSOCIATION,

    Plaintiff,

v.                                                                   Case No: 5:13-cv-352-Oc-10PRL

PINE VALLEY PROPERTIES, PTR,
FRANKLIN E. LASLEY, FRANCES M.
LASLEY, UNITED STATES OF
AMERICA, UNKNOWN TENANTS and
UNKNOWN TENANTS

    Defendants.

## ORDER

This case comes before the Court for consideration of Defendants Frances M. Lasley, Franklin E. Lasley, and Pine Valley Properties, PTR.'s Motion to Set Aside Default and for Leave to File Answer (Doc. 20), to which Plaintiff has responded (Doc. 24).

Plaintiff initiated this foreclosure action against Defendants on July 23, 2013. (Doc. 1). Defendants accepted service on August 12, 2013 (Docs. 8 and 9), but failed to respond to the Complaint. On November 15, 2013, Clerk's Entry of Default was entered as to Defendants Frances M. Lasley, Franklin E. Lasley, and Pine Valley Properties, PTR. (Docs. 16, 17, and 18). Plaintiff moved for final entry of judgment on November 21, 2013. (Doc. 15).

Defendants now move to set aside the defaults entered against them, and argue that good cause exists to do so. As explained in the affidavits presented in support of their motion, Defendants were engaged in negotiations with Plaintiff's representatives for many months, and did not respond to the Complaint because they understood a settlement was forthcoming. (Doc.

20, Ex. 1 and 2, ¶¶ 2,4). Defendants argue that their understanding about a resolution or "deal" with Plaintiff at the time of receiving the summons in this case constitutes excusable neglect. Defendants also argue that they acted diligently to respond and hire counsel once they realized the seriousness of the matter. Plaintiff objects to Defendants' motion, arguing that there was ample time for Defendants to respond to the Complaint, that their default was willful, and that Defendant's understanding of a deal between the parties is not sufficient to constitute good cause.

Rule 55(c) of the Federal Rules of Civil Procedure provides that "[t]he court may set aside an entry of default for good cause. . ." The good cause standard under Rule 55(c) is a liberal standard and distinguishable from the more rigorous excusable neglect standard applicable to a request to set aside a default judgment. *See Compania Interamericana Export-Import, S.A. v. Compania Dominicana De Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996); *EEOC v. Mike Smith Pontiac GMC, Inc.,* 896 F.2d 524, 527-28 (11th Cir. 1990).

Under these circumstances, Defendants have shown the requisite good cause to set aside the default. Once aware of the seriousness of the situation, Defendants obtained counsel and timely moved to set aside the default.

Accordingly, Defendants' Motion to Set Aside Default (Doc. 20) is **GRANTED** and the Clerk's defaults entered against Defendants Frances M. Lasley, Franklin E. Lasley, and Pine Valley Properties, PTR (Docs. 16, 17 and 18) are hereby **SET ASIDE**. Defendants' Answer (Doc. 21) shall remain as filed.

**DONE** and **ORDERED** in Ocala, Florida on January 9, 2014.

- 3 -

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties