## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

PNC BANK, NATIONAL ASSOCIATION,

      Plaintiff,

v.

PINE VALLEY PROPERTIES, PTR, a Florida
partnership; FRANKLIN E. LASLEY,
FRANCES M. LASLEY;  UNITED STATES        CASE NO: 5:13-cv-00352-WTH-PRL
OF AMERICA, DEPARTMENT OF
TREASURY – INTERNAL REVENUE
SERVICE; UNKNOWN TENANTS in
possession of Lot 6; and UNKNOWN
TENANTS in possession of Lot 7

      Defendants.
_____/

### FINAL JUDGMENT

THIS MATTER came before the Court upon PNC BANK, NATIONAL

ASSOCIATION'S ("Plaintiff" or "Lender") Second Motion for Final Judgment (Doc. 36)(the

"Motion") against PINE VALLEY PROPERTIES, PTR, a Florida partnership ("Pine Valley");

FRANKLIN E. LASLEY ("Franklin Lasley") for *in rem* relief only; FRANCES M. LASLEY

("Frances Lasley"); and UNITED STATES OF AMERICA, DEPARTMENT OF TREASURY –

INTERNAL REVENUE SERVICE (the "IRS"), and this Court's Order entered on September 10,

2014 granting the Motion (Doc. 39) in which Plaintiff was seeking to enforce certain loan

documents and guaranty agreements and to foreclose on two mortgages encumbering certain real

property used as security for the loans.  Having reviewed the pleadings and other documents

filed in support thereof, and being otherwise advised of the premises, **IT IS HEREBY**

**ORDERED AND ADJUDGED:**

*Pine Valley Loan*

1.     Lender is entitled to a judgment in its favor as to Count I of the Verified Complaint (Doc. 1)(the "Complaint") for re-establishment of the Lost Pine Valley Note more fully described as the Universal Note dated July 18, 2007 in the original principal amount of $1,199,666.16 executed by Pine Valley and delivered to Florida Choice Bank, predecessor by merger to Lender (the "Pine Valley Note").

2.     The Pine Valley Note is hereby re-established for all purposes in this action and this Final Judgment.

3.     Lender is entitled to judgment in its favor as to Count II of the Complaint against Pine Valley for its default on the Pine Valley Note, and Count IV of the Complaint against Frances Lasley for her default under the Pine Valley Guaranty.

4.     As of September 30, 2014, the following amounts were due and owing under the Pine Valley Loan Documents, and Lender shall have and recover from Pine Valley and Frances Lasley the following:

| | |
|---|---|
| Principal | $1,146,254.61 |
| Interest through 3/26/2014 | $336,125.38 |
| Interest 3/27/2014 to 9/30/2014 | $46,392.76 |
| Late Fees | $73,094.38 |
| Real estate taxes | $13,664.30 |
| **Subtotal** | **$1,615,531.43** |

(the "Pine Valley Indebtedness"), plus additional interest after September 30, 2014 at the federal statutory rate, which amounts are secured by the lien of the Pine Valley Loan Documents.

5.     Lender is entitled to judgment in its favor on Count III and to set a foreclosure sale. If the total amount of the Pine Valley Indebtedness due under this Judgment is not paid before the commencement of the Lot 7 Foreclosure Sale, the United States Marshal (the "Marshal") or, at Lender's option exercised by Lender filing within forty-five (45) days after

entry of this Judgment, a Notice of Selection of Foreclosure Sale Master, a special master selected by Lender (the "Master") as permitted by Federal Rule of Civil Procedure 53, shall sell the collateral identified as follows:

> **Lot 7, Pine Valley Industrial Park, according to the map or plat thereof, as recorded in Plat Book 29, Page 70, of the Public Records of Lake County, Florida.**

(the "Lot 7 Collateral"), in accordance with the provisions of 28 U.S.C. §§ 2001 and 2002, at a public sale, for cash in hand, to the highest bidder, at the steps of the Lake County Courthouse, 550 W. Main Street, Tavares, Florida 32778, during the legal hours of sale, on such date and time as selected by the Marshal or Master, as applicable, after consultation with Lender. The Marshal or Master, as applicable, shall give public notice of the time and place of such sale, pursuant to 28 U.S.C. § 2002, by publication in a newspaper published in Lake County, once a week for four (4) consecutive weeks, beginning not less than twenty-eight (28) days from the date of sale. The Marshal or Master, as applicable, shall and is authorized to conduct the foreclosure pursuant to the terms of this Judgment.

6.      Lender may be a bidder and purchaser of the Lot 7 Collateral at the sale. If Lender is the successful purchaser as the highest bidder at the Lot 7 Foreclosure Sale, the Marshal or Master, as applicable, shall credit Lender's bid with the amount due as set forth in Paragraph 3 above, including interest and the costs of publication and fees due to the Marshal or Master, as applicable, incurred by Lender subsequent to entry of this Judgment ("Lot 7 Subsequent Amounts"), or such part as is necessary to pay the bid in full. If Lender is not the purchaser at the sale, Lender shall be reimbursed from the proceeds of the sale, so far as they are sufficient, by the Marshal or Master, as applicable, for the Lot 7 Subsequent Amounts.

7.      The successful bidder for the Lot 7 Collateral shall be required to pay the cost of the documentary stamps and any recording fees in accordance with any state, county, or local

laws. If a successful bidder other than Lender fails to pay the entire bid amount by the deadline established by the Marshal or Master, as applicable, Lender shall, upon a motion be entitled to have the sale of the Lot 7 Collateral set aside and rescheduled pursuant to the terms of this Judgment.

8.      Promptly upon the sale of the Lot 7 Collateral, the Marshal or Master, as applicable, shall make a report of the sale to this Court for an order confirming the sale. Upon such confirmation by the Court and receipt of the full purchase price of the sale, the Marshal or Master, as applicable, is authorized to and shall execute and deliver a Marshal's Deed or Master's Deed to the successor bidder conveying the Lot 7 Collateral. Thereafter, the purchaser at the sale and its heirs, representatives, successors, or assigns, shall without delay be let into the possession of the Lot 7 Collateral. The Marshal shall execute any writ of assistance issued by this Court at the written request of successful bidder.

9.      Upon the Marshal or Master, as applicable, certifying the sale to the Court, Defendants, and all entities or persons claiming under or against them, shall be foreclosed of all interest, estate or claim in the Lot 7 Collateral and shall forever be barred and foreclosed of any and all equity or right of redemption in and to any of the Lot 7 Collateral, except as to claims or rights under chapter 718 or chapter 720, *Florida Statutes*, if any, and except the IRS has preserved its right of redemption under 28 U.S.C. § 2410 (c) in the event of any sales. (Doc. 10).

10.     Upon confirmation of the sale and delivery of the Marshal's Deed or Master's Deed, as applicable, to the successful bidder, the Marshal or Master, as applicable, shall distribute the proceeds of the sale of the Lot 7 Collateral, if they exist and so far as they are sufficient, as follows:

a.  To the Marshal or Master, as applicable, for its costs and expenses incurred in connection with this cause and the sale ordered above as authorized by this Judgment and applicable law, unless Lender has paid the same in which case Lender shall be entitled to receive those amounts as Lot 7 Subsequent Amounts as provided below in Paragraph 10(b).

b.  To Lender, if not the purchaser of the Lot 7 Collateral at the sale, all amounts adjudged herein to be due and owing, including the Lot 7 Subsequent Amounts of these proceedings.

c.  The balance, if any, to be deposited in the registry of this Court, and in that event, the Clerk is directed within ten (10) days of the date of said deposit to give notice to the Defendants, in order that each might by appropriate pleadings make claim to any such surplus.

### *Lasley Loan*

11.    Lender is entitled to judgment in its favor as to Count V of the Complaint against Frances Lasley for her default on the Lasley Note.

12.    As of September 30, 2014, the following amounts were due and owing under the Lasley Loan Documents, and Lender shall have and recover from Frances Lasley the following:

| | |
|---|---|
| Principal | $325,418.19 |
| Interest through 3/26/2014 | $60,206.03 |
| Interest 3/27/2014 to 9/30/2014 | $12,746.40 |
| Late Fees | $1,920.95 |
| Real estate taxes | $13,932.35 |
| **Subtotal** | **$414,223.92** |

(the "Lasley Note Indebtedness"), plus additional interest after September 30, 2014 at the federal statutory rate, which amounts are secured by the lien of the Lasley Loan Documents.

13.     Lender is entitled to judgment in its favor on Count VI and to set a foreclosure sale. If the total amount of the Lasley Note Indebtedness due under this Judgment is not paid before the commencement of the Lot 6 Foreclosure Sale, the Marshal or, at Lender's option exercised by Lender filing within forty-five (45) days after entry of this Judgment, a Notice of Selection of Foreclosure Sale Master, a Master selected by Lender, which may be the same Master for the sale of the Lot 7 Collateral, as permitted by Federal Rule of Civil Procedure 53, shall sell the collateral identified as follows:

> **Lot 6, Pine Valley Industrial Park, according to the map or plat thereof,
> as recorded in Plat Book 29, Page 70, of the Public Records of Lake
> County, Florida.**

(the "Lot 6 Collateral"), in accordance with the provisions of 28 U.S.C. §§ 2001 and 2002, at a public sale, for cash in hand, to the highest bidder, at the steps of the Lake County Courthouse, 550 W. Main Street, Tavares, Florida 32778, during the legal hours of sale, on such date and time as selected by the Marshal or Master, as applicable, after consultation with Lender. The Marshal or Master, as applicable, shall give public notice of the time and place of such sale, pursuant to 28 U.S.C. § 2002, by publication in a newspaper published in Lake County, once a week for four (4) consecutive weeks, beginning not less than twenty-eight (28) days from the date of sale. The Marshal or Master, as applicable, shall and is authorized to conduct the foreclosure pursuant to the terms of this Judgment.

14.     Lender may be a bidder and purchaser of the Lot 6 Collateral at the sale. If Lender is the successful purchaser as the highest bidder at the Lot 6 Foreclosure Sale, the Marshal or Master, as applicable, shall credit Lender's bid with the amount due as set forth in Paragraph 12 above, including interest and the costs of publication and fees due to the Marshal or Master, as applicable, incurred by Lender subsequent to entry of this Judgment ("Lot 6 Subsequent Amounts"), or such part as is necessary to pay the bid in full. If Lender is not the purchaser at the

sale, Lender shall be reimbursed from the proceeds of the sale, so far as they are sufficient, by the Marshal or Master, as applicable, for the Lot 6 Subsequent Amounts.

15. The successful bidder for the Lot 6 Collateral shall be required to pay the cost of the documentary stamps and any recording fees in accordance with any state, county, or local laws. If a successful bidder other than Lender fails to pay the entire bid amount by the deadline established by the Marshal or Master, as applicable, Lender shall, upon a motion be entitled to have the sale of the Lot 6 Collateral set aside and rescheduled pursuant to the terms of this Judgment.

16. Promptly upon the sale of the Lot 6 Collateral, the Marshal or Master, as applicable, shall make a report of the sale to this Court for an order confirming the sale. Upon such confirmation by the Court and receipt of the full purchase price of the sale, the Marshal or Master, as applicable, is authorized to and shall execute and deliver a Marshal's Deed or Master's Deed to the successor bidder conveying the Lot 6 Collateral. Thereafter, the purchaser at the sale and its heirs, representatives, successors, or assigns, shall without delay be let into the possession of the Lot 6 Collateral. The Marshal shall execute any writ of assistance issued by this Court at the written request of successful bidder.

17. Upon the Marshal or Master, as applicable, certifying the sale to the Court, Defendants, and all entities or persons claiming under or against them, shall be foreclosed of all interest, estate or claim in the Lot 6 Collateral and shall forever be barred and foreclosed of any and all equity or right of redemption in and to any of the Lot 6 Collateral, except as to claims or rights under chapter 718 or chapter 720, *Florida Statutes,* if any, and except the IRS has preserved its right of redemption under 28 U.S.C. § 2410 (c) in the event of any sales. (Doc. 10).

18.     Upon confirmation of the sale and delivery of the Marshal's Deed or Master's Deed, as applicable, to the successful bidder, the Marshal or Master, as applicable, shall distribute the proceeds of the sale of the Lot 6 Collateral, if they exist and so far as they are sufficient, as follows:

      a.   To the Marshal or Master, as applicable, for its costs and expenses incurred in connection with this cause and the sale ordered above as authorized by this Judgment and applicable law, unless Lender has paid the same in which case Lender shall be entitled to receive those amounts as Lot 6 Subsequent Amounts as provided below in Paragraph 18(b).

      b.   To Lender, if not the purchaser of the Lot 6 Collateral at the sale, all amounts adjudged herein to be due and owing, including the Lot 6 Subsequent Amounts of these proceedings.

      c.   The balance, if any, to be deposited in the registry of this Court, and in that event, the Clerk is directed within ten (10) days of the date of said deposit to give notice to the Defendants, in order that each might by appropriate pleadings make claim to any such surplus.

19.     Lender has established its right to attorney's fees and costs by affidavit (Exh. A, Exh. B, Doc No. 36), and is awarded its attorney's fees in the amount of $26,343.09 and costs in the amount of $1,950.00.

20.     This Court retains jurisdiction of this case for the entry of such further orders as necessary or otherwise may appear to it to be just and equitable, including without limitation, a writ of possession.

21.     Plaintiff's address is 201 E. Pine Street, Suite 200, Orlando, Florida 32801.

22.    Defendant Pine Valley's address is 15110 Crescent Bay Boulevard, Clermont, Florida 34711.

23.    Defendant Frances Lasley's address is 11150 Crescent Bay Boulevard, Clermont, Florida 34711.

24.    Defendant IRS' address is c/o U.S. Attorney, Middle District of Florida, 400 North Tampa Street, Suite 3200, Tampa, Florida 33602.

**DONE AND ORDERED** at Ocala, Florida this __*17th*__ day of November, 2014.

_____
Wm. Terrell Hodges
United States District Judge

Copies to:  Counsel of Record